IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| TONY A. GUNTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:16-cv-0037 |
| v. ) | |
| ) | Judge McDonough |
| BEMIS COMPANY, INC., ) | Magistrate Judge Steger |
| ) | |
| Defendant. ) | |
| _____) | |

## PLAINTIFF'S MOTION *IN LIMINE*

Plaintiff Tony Gunter moves *in limine* to exclude the following evidence from trial: (1) pictures of the workplace; (2) reference to an unproduced workplace study; (3) reference that Mr. Gunter's worker's compensation attorney requested termination paperwork; (4) unauthenticated job source information; and (5) Evidence of Prior Claims.

### I.  Workplace Pictures

Defendant produced pictures during the course of litigation that are confusing and irrelevant and has listed one version of these pictures as Defendant's Exhibit 4. (ECF 46). First, Plaintiff objects to descriptions that were on the headers of the pictures or testimony that would elicit the same descriptions that is misleading and would give the impression that the pictures are based on an "expert" study which could cause confusion.[1]  Second, Plaintiff objects because the pictures were made "in 2013" thus, it hard to tell whether the workplace changed since that time in light of testimony that they were taken for a "rapid event" to study how to reduce waste set up.

---

[1] Defendant listed the pictures in its pre-trial disclosures as Exhibit 4. (ECF 46). However, it did list the set that did not contain captions. Plaintiff objects to both sets and he objects to testimony about the "force" or "ergonomics" study in the context of explaining the pictures..

1

Third, the pictures have not been properly authenticated, nor has the "force" study, upon which the descriptions were based, been produced.

Defendant produced pictures that were created in 2013 for a rapid event studying how to reduce waste set up. (ECF 38-2 Moulder 30(b)(6) Dep., JA pp. 84-85; 38-2-38-3 Pictures, JA pp. 118-152). The printed information at the top of the pictures was done in March or April of 2016 for this litigation. (ECF 38-2 Moulder 30(b)(6) Dep., JA pp. 85-86). Kathy Young typed the information and Chris Burns and Dave Moulder provided the typed information. (*Id.* p. 86). The typed information was based on a "force" study, but Bemis is not sure if they still have the study or when it was done (Mr. Moulder only assumed so, thinking they looked at or had the study). (*Id*. 87, 89-90). The company did not look at or consider the pictures when Mr. Gunter was terminated. (*Id*.).

Defendant did not designate an expert as required by Federal Rule of Civil Procedure 26 to testify about the force required to do certain jobs in the workplace. *See* Fed. R. Evid. 702; *Thomas & Marker Constr.Co.v. Wal-Mart Stores, Inc.,*2008 U.S. Dist LEXIS 102075 *7-8 (S.D. Ohio Nov. 30, 2008) (granting motion in limine denying lay witness to testify as an expert where he was not properly designated: "Expert witnesses are permitted to express opinions. Lay witnesses are only permitted to testify as to their observations."). Moreover, simply because a force study (that was requested but never produced) was allegedly done, Defendant's witnesses should not be allowed to testify as to specific force required of certain jobs based on this study. Fed. R. Evid. 702, 701 (testimony in the form of an opinion is limited to one that is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702). Further, any probative value of such testimony is substantially outweighed by the danger of unfair prejudice and would likely cause confusion among the jury members under Federal Rules of Evidence 403

and 404. A court should exclude evidence as confusing if "the proffered evidence puts [the other party] in the dilemma of choosing between accepting an unfair inference or offering a harmfully confusing rebuttal." *Rogers v. Wal-Mart Stores East, L.P.*, 2008 U.S. Dist. LEXIS 19840 *6 (E.D. Tenn. March 6, 2008) (citing 22 Charles Alan Wright, Kenneth W. Graham, Jr., *Federal Practice & Procedure: Evidence* § 5216 (1978) (finding evidence of limited probative value that required a complicated legal analysis).

The essence of this case is whether Mr. Gunter could perform the essential functions of his job. The FCE evaluator relied on his job description and Mr. Gunter offered counter testimony based on the realities of the workplace that were ignored by Defendant in its decision making process. These pictures and the self-serving descriptions that Defendant placed on them and may seek to testify about only serve to confuse the jury, particularly since the pictures were not considered when Mr. Gunter was terminated. Further, since the descriptions were based on a rapid event measuring waste and then correlated to an unproduced force study, the pictures impermissibly elicit undisclosed expert testimony.

Accordingly, Plaintiff requests the Court prohibit introduction of evidence concerning the workplace pictures, the captions on the pictures or testimony about the captions.

## II. Workplace Study

Defendant contends that its job description and its FCE determination were based on a force (or ergonomics) study that it failed to produce. (ECF 38-1 Young Dep. JA 49; ECF 38-2 Moulder 30(b)(6) Dep., JA pp. 87, 89-90; ECF 38-2, Eaton Dep. JA 70). Mr. Eaton, Bemis's health and safety manager, testified that in considering whether Mr. Gunter was fit to perform his job duties, his knowledge of Mr. Gunter's job was based on a rapid ergonomics event three to four years ago. (ECF 38-2, Eaton Dep. JA 70). However, tellingly, Mr. Eaton testified that he

3

had not personally observed Mr. Gunter in his job performance, nor did he know what Light "PDC" work (as set forth in the job description) referred to. (ECF 38-2, Eaton Dep. JA 70-71). Further, Mr. Eaton admitted that it was important to consider in the context whether Mr. Gunter could perform his job what the supervisors who worked with Mr. Gunter everyday personally observed. (*Id*.). Ms. Young's testimony that Bemis had an ergonomics team working with a process engineer using a "tool" that measured "exactly" the pushing and pulling is likewise inadmissible because it is either expert testimony or, at best, confusing and possibly prejudicial testimony about the nature of Mr. Gunter's job requirements. (ECF 38-1, Young Dep. JA 49).

Only relevant evidence is admissible. Fed. R. Evid. 402. Evidence is relevant if it tends to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. Moreover, Rule 403 of the Federal Rules of Evidence permits a court to exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. This ergonomics study done by an unknown engineer that neither the HR or safety manager appear to have a full understanding about should be barred by Federal Rule of Evidence 402 or 702. Fed. R. Evid. 702, 701 (testimony in the form of an opinion is limited to one that is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702). Even if same could be considered relevant, the danger of unfair prejudice and/or confusion of the issues substantially outweighs any probative value of the evidence. Fed.R.Evid. 403.

Accordingly, Plaintiff requests the Court prohibit introduction of evidence concerning the "ergonomics" or force study be prohibited.

### III.     Request for Termination Paperwork

4

Plaintiff moves the court to exclude a letter from his attorney requesting a termination notice or reference to the letter because it is confusing and hearsay. Defendant claims that it "only terminated him after his attorney requested it." (ECF 37 p. 37, JA 214-215). It is Plaintiff's position that his worker's compensation attorney only did this in response to Defendant's worker's compensation attorney's prior statement that the parties would "discuss settlement and separation of employment." (ECF 38-4, 7/24/14 Corr. Cole to Thomas JA 257). However, any probative value to introducing the correspondence between attorneys or their testimony is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Fed.R.Evid. 403. *See also* Fed.R.Evid. 802. Defendant stated on multiple occasions that Mr. Gunter was terminated because he could not be accommodated. (*See* ECF 38-4, JA p. 216-217). Defendant certified to the State of Tennessee that Mr. Gunter was discharged (he did not quit). (*Id.*). In the event this evidence is admissible, both attorneys would be required to testify.

Accordingly, Plaintiff requests the Court prohibit introduction of evidence regarding the letter from his attorney requesting a termination notice or reference to the letter.

### IV. Unauthenticated Job Source Information

Plaintiff moves the court to exclude unauthenticated, hearsay job source information. Defendant introduced evidence during its 30(b)(6) deposition that it claimed supported its affirmative defenses and also listed these exhibits in its pretrial disclosures. (ECF 46, Pretrial Disclosures Ex. 13-17 (Attachment A)). Defendant had previously attempted to require Plaintiff to respond to discovery about this same information in its Third Set of Discovery. (ECF 31, 31-2). The Magistrate Judge denied Defendant's request requiring Plaintiff to respond to this information. (ECF 33). In part, Magistrate Judge Steger denied Defendant's request because the evidence could not be authenticated in any way for potential use at trial due to Defendant's

failure to designate a vocational expert or anyone qualified to substantiate the information or its applicability to mitigation. Likewise, the only basis Defendant's Rule 30(b)(6) representative, Ms. Young, gave for purposes of authentication was that Bemis's attorney, Jon Harris, pulled the documents and gave them to her. (Young 30(b)(6) Dep. pp. 58-59 (attachment B)). Ms. Young had not pulled the information and apparently had no knowledge about it except that it was given to her by their attorney. (Id.). Thus, these documents have not been authenticated and they contain hearsay information.

Evidence can be satisfactorily authenticated by "evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a). This can be done by a number of methods, including testimony of a witness with knowledge that a matter is what it is claimed to be. Fed. R. Evid. 901(b). Defendant is unable to authenticate the evidence unless it desires to put its lead attorney on the stand. Further, this evidence is inadmissible hearsay under Rule 802. Fed.R. Evid. 802. *See Cmtys. for Equity v. Mich. High Sch. Ath. Ass'n*, Case No. 1:98-CV-479, 2001 U.S. Dist. LEXIS 16014, at *6 (W.D. Mich. Sep. 21, 2001) (Plaintiff's motion in limine granted as to documents created by state organization because the documents could not be shown to fall under hearsay exception). Moreover, any probative value to introducing evidence about a select number of jobs in the Middle Tennessee area without taking into account Mr. Gunter's educational level or other qualifications is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Fed.R.Evid. 403. This information could have been authenticated by an expert who took account all variables, including Mr. Gunter's educational level and employability, but it was not. Fed. R. Evid. 702, 701. As such, there is no way to properly introduce this evidence without prejudicing Mr. Gunter.

6

Accordingly, Plaintiff requests the Court prohibit introduction of evidence regarding Defendant's Exhibits 13-17.

## V. Evidence of Prior Claims

Plaintiff moves the Court for an order precluding Defendants from introducing or referring to at trial any evidence related to any claims previously made by Plaintiff that are no longer at issue in this case.

Most employment discrimination cases are based on circumstantial evidence. Often times, the plaintiff does not know the real reason for the defendant's adverse employment action until discovery has helped pinpoint the likely reason. As such, initially the plaintiff often exercises his right to initially assert and plead multiple or alternative claims. Fed. R. Civ. P. 8(d)(2-3); *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 805 (1999) ("Our ordinary Rules recognize that a person may not be sure in advance upon which legal theory she will succeed, and so permit parties to 'set forth two or more statements of a claim or defense alternatively or hypothetically, and to state as many separate claims or defenses as the party has regardless of consistency.'").

In this case, at the summary judgment stage, Plaintiff voluntarily dismissed or abandoned claims initially pled for violations of the FMLA and TDA retaliation claims leaving only the ADA (discrimination and retaliation), TDA (discrimination) and common law retaliation claims. (ECF 41 n.2). Thus, these claims are no longer a part of this case and are not relevant to the ultimate issues that do remain.

Plaintiff respectfully requests that the Court grant the instant motion and prohibit Defendant from introducing or referring at trial to any evidence related to any prior claims made by Plaintiff that are no longer at issue in this case.

7

WHEREFORE Plaintiff requests the Court GRANT the Motion *in Limine* as set forth herein.

Respectfully submitted,

*/s Heather Moore Collins*
Heather Moore Collins BPR # 026099
Anne Hunter BPR # 022407
Collins & Hunter PLLC
7000 Executive Center Drive, Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@collinshunter.com
anne@collinshunter.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY certify that a copy of the foregoing has been emailed through the court's CM/ECF system this 13th day of March, 2017 by electronic mail to counsel of record: Jonathan O. Harris, OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C., SunTrust Plaza, Suite 1200, 401 Commerce Street, Nashville, Tennessee 37219.

*/s/ Heather Moore Collins*
Heather Moore Collins