IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| TONY A. GUNTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:16-cv-0037 |
| v. ) | |
| ) | Judge McDonough |
| BEMIS COMPANY, INC., ) | Magistrate Judge Steger |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

**ADA Employment Claims—Introductory Instruction**

In this case the Plaintiff Tony Gunter makes a claim based on a federal law known as the Americans with Disabilities Act, which will be referred to in these instructions as the ADA.

Under the ADA, an employer may not deprive a person with a disability of an employment opportunity because of that disability, if that person is able, with reasonable accommodation if necessary, to perform the essential functions of the job. Terms such as "disability", "qualified individual" and "reasonable accommodations" are defined by the ADA and I will instruct you on the meaning of those terms.

Mr. Gunter's claim under the ADA is that he was terminated by the Defendant Bemis because of Mr. Gunter's disability- a shoulder injury he sustained at work.

Bemis denies Mr. Gunter's claims. Further, Bemis asserts that it was unable to accommodate his disability.

As you listen to these instructions, please keep in mind that many of the terms I will use, and you will need to apply, have a special meaning under the ADA. So please remember to consider the specific definitions I give you, rather than using your own opinion of what these

terms mean. [1]

---

[1] **Authority:** Third Circuit Model Jury Instructions, 9.0 (May 2016).

## TERMINATION BECAUSE OF DISABILITY

To prove a claim of discrimination under the ADA, Plaintiff must prove by a preponderance of the evidence the following:

1. Mr. Gunter was disabled, as defined by the ADA [Bemis does not contest this element];

2. Mr. Gunter was qualified to perform his job;

3. Bemis terminated Mr. Gunter because of his disability.[2]

---

[2] 42 U.S.C. § 12112(a). *Lewis v. Humbolt Acquisition Corp.*, 681 F.3d 312, 321 (6th Cir. 2012).

# DEFINITION OF "QUALIFIED"

Under the ADA, Plaintiff was "qualified" if he had the skill, experience, education, and other requirements for the job and could do the job's essential functions, either with or without accommodation. You should only consider Mr. Gunter's abilities at the time when Bemis placed him out of work in July 2014.

Not all job functions are "essential." Essential functions are a job's fundamental duties. In deciding whether a function is essential, you may consider the reasons the job exists, the number of employees Bemis has to do that kind of work, the degree of specialization the job requires, Defendant's judgment about what is required, the consequences of not requiring an employee to satisfy that function, and the work experience of others who held position.

A job description may be useful to consider, but you are not required to find Mr. Gunter is not qualified for his job if testimony rebuts Bemis's written job description.[3]

---

[3] Seventh Circuit Model Jury Instruction 4.5 (2005) (modified). *Rorrer v. City of Stow,* 743 F.3d 1025, 1040 (6th Cir. 2014).

# REASONABLE ACCOMMODATION: GENERAL INSTRUCTION

Under the ADA, to "accommodate" a disability is to make some change that will let a person with a disability perform his job. An accommodation is "reasonable" if it is effective and its costs are not clearly disproportionate to the benefits that it will produce.

A reasonable accommodation may include a change in such things as ordinary work rules, facilities, conditions, or schedules, but does not include elimination or change of essential job functions, assignment of essential job functions to other employees, or lower productivity standards. However, shifting marginal duties to other employees who can easily perform them is a reasonable accommodation. [4]

---

[4] **Authority:** Seventh Circuit Model Jury Instruction 4.6 (2005) (modified); *Rorrer,* 743 F.3d at 1044.

# ELEMENTS OF AN ADA CLAIM — REASONABLE ACCOMMODATION

In this case Mr. Gunter claims that Bemis failed to provide a reasonable accommodation for him. The ADA provides that an employer may not deny employment opportunities to a qualified individual with a disability if that denial is based on the need of the employer to make reasonable accommodations to that individual's disability.

To prevail on this claim, Mr. Gunter must prove all of the following by a preponderance of the evidence:

First: Mr. Gunter has a "disability" within the meaning of the ADA.

Second: Mr. Gunter is a "qualified individual" able to perform the essential functions of his job as a press assistant.

Third: Bemis was informed of Mr. Gunter's the need for an accommodation due to his disability. [Note that there is no requirement that a request be made for a particular or specific accommodation; it is enough to satisfy this element that Bemis was informed of Mr. Gunter's basic need for an accommodation. Further, a request for accommodation need not contain the magic word "accommodation"]

Fourth: Providing an accommodation to allow Mr. Gunter to continue working with restriction would have been reasonable, meaning that the costs of that accommodation would not have clearly exceeded its benefits.

Fifth: Bemis failed to provide allow Mr. Gunter to continue working with restrictions or any other reasonable accommodation.[5]

Defendant does not contest element 1.

---

[5] **Authority:** Third Circuit Model Jury Instructions, 9.0 (May 2016).

# DEFINITION OF "ESSENTIAL FUNCTION"

In determining whether Mr. Gunter could perform the essential functions of his job as a press assistant, you should keep in mind that not all job functions are "essential." The term "essential functions" does not include the marginal functions of the position. Essential functions are a job's fundamental duties. In deciding whether functions, like lifting 45 pounds or pushing or pulling, is essential to a press assistant, some factors you may consider include the following:

1)   whether the performance of lifting 45 pounds or pushing or pulling a certain weight is the reason that the press assistant job exists;

2) the amount of time spent on the job performing lifting or pushing or pulling;

3) whether there are a limited number of employees available to lift, push or pull a certain weight;

4)  whether lifting 45 pounds or pushing or pulling a certain weight is highly specialized;

5) whether a press assistant is  hired for his or her expertise or ability to lift 45 pounds or push or pull a certain weight;

6) Bemis's judgment about what functions are essential to the press assistant job;

7) written job descriptions for the press assistant;

8) the consequences of not requiring an employee to [describe function] in a satisfactory manner;

9) whether others who held the position of press assistant performed [describe function];

10) the testimony of co-worker's and supervisors' about the press assistant job; and

11) Mr. Gunter's job performance before his termination.

No one factor is necessarily controlling.  You should consider all of the evidence in deciding whether lifting 45 pounds or pushing or pulling a certain weight is essential to press assistant job.

In assessing whether Mr. Gunter was qualified to perform the essential functions of press assistant job you should consider Mr. Gunter's abilities as they existed at the time when he was terminated. You may also consider whether Mr. Gunter was successfully able to perform his job and under what circumstances he was able to do so.[6]

---

[6] **Authority:** Third Circuit Model Jury Instructions, 9.2.2 (May 2016) (modified); *Rorrer v. City of Stow,* 743 F.3d 1025, 1040 (6th Cir. 2014); *Camp v. Bi-Lo, LLC,* 2016 U.S. App. LEXIS 19053 *17.

## DUTY TO ENGAGE IN THE INTERACTIVE PROCESS

Once an employer is aware of an employee's disability and an accommodation has been requested, the employer must discuss with the employee or, if necessary, with his doctor whether there is a reasonable accommodation that will permit him to perform the job. This interactive process is mandatory and both the employer and the employee/applicant must cooperate in this interactive process in good faith.

Neither party can win this case simply because the other did not cooperate in this process, but you may consider whether a party cooperated in this process when deciding whether a reasonable accommodation existed to award punitive damages.[7]

You may find that Defendant unlawfully failed to provide Mr. Gunter with a reasonable accommodation if you find that Defendant failed to engage in this interactive process in good faith and that a reasonable accommodation would have been possible but for the employer's failure to engage in the interactive process.[8]

If you find that Defendant has failed to engage in the interactive process, Mr. Gunter is entitled to relief on this basis if he proves that he could have been reasonably accommodated had the Defendant engaged in the interactive process in good faith.[9]

---

[7] Seventh Circuit Model Jury Instruction 4.3 (2005) (modified); *Kleiber v. Honda of Am. Mfg., Inc.*, 485 F.3d 862, 871 (6th Cir. 2007).

[8] *Breitfelder v. Leis*, 151 F. App'x 379, 386 (6th Cir. 2005) (quoting *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 320 (3d Cir. 1999)); *Burress v. City of Franklin*, 809 F. Supp. 2d 795, 813 (M.D. Tenn. 2011) (citing *Lafata v. Church of Christ Home for the Aged*, 325 F. App'x 416, 422 (6th Cir. 2009))

[9] *EEOC v. Ford Motor Co.*, 782 F.3d 753, 766 (6th Cir. 2015); *Arthur v. Am. Showa, Inc.,* 625 F. App'x 704, 711 (6th Cir. 2015); *Keith v. Cty. of Oakland,* 703 F.3d 918, 929 (6th Cir. 2013).

## ADA DAMAGES — BACK PAY

If you find that Bemis has violated Mr. Gunter's rights under the ADA, then you must determine the amount of damages that Bemis's actions have caused Mr. Gunter. Mr. Gunter has the burden of proving damages by a preponderance of the evidence.

You may award as actual damages an amount that reasonably compensates Mr. Gunter for any lost wages and benefits, taking into consideration any increases in salary and benefits, including pension, that Mr. Gunter would have received from Bemis had Mr. Gunter not been terminated.

Back pay damages, if any, apply from the time Mr. Gunter was placed out of work until the date of your verdict.[10]

---

[10] **Authority:** Third Circuit Model Jury Instructions, 9.4.3 (May 2016).

## AFFIRMATIVE DEFENSE- MITIGATION OF DAMAGES

Defendant has raised the defense that Plaintiff had a duty to make reasonable efforts to obtain other employment after his separation from his employment with it in order to mitigate his damages. The burden is on the Defendant to prove that Plaintiff failed to mitigate his damages. Defendant may satisfy its burden only if it establishes that: 1) there were substantially equivalent positions which were available; and 2) Plaintiff failed to use reasonable care and diligence in seeking such positions. However, an employee who is unable to work due to a disability is not precluded from receiving back pay when the employer caused the disability.[11]

---

[11] *United States v. City of Warren*, 138 F3d 1083, 1098 (6th Cir. 1998). *Rasimas v. Michigan Dept. of Mental Health,* 714 F.2d 614 (6th Cir. 1983). *Jackson Hosp. Corp.,* 557 F.3d 301, 308 (6th Cir. 2009). *See, Kullings v. Grinders for Industry, Inc.,* 185 F. Supp.2d 800, 816-817 (W. D. Mich. 2002) ("When faced with a defense of failure to mitigate, plaintiff is entitled to introduce evidence that any failure to mitigate was attributable to the employer's discriminatory conduct, and not the employee's own actions"); *Lathem v. Department of Children and Youth Services*, 172 F.3d 786, 794 (11th Cir. 1999)("the mitigation requirement does not apply to a Title VII plaintiff where defendant's discriminatory conduct resulted in the disability that prevents the plaintiff from finding other employment").

# EMOTIONAL DISTRESS DAMAGES

If you find that Plaintiff was discriminated against based on his disability then you must determine an amount that you find by a preponderance of the evidence is fair compensation for his damages. You may award compensatory damages only for injuries that Plaintiff proves were caused by Defendant's allegedly wrongful conduct. The damages that you award must be fair compensation—no more and no less. You may award damages for any pain, suffering or mental anguish that Plaintiff experienced as a consequence of Defendant's alleged discrimination, harassment, and/or retaliation.

No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. You should consider the nature, character, and seriousness of any pain and suffering, inconvenience, or mental anguish the Plaintiff may have experienced, as well as the extent and duration or whether it required medical treatment. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that Plaintiff prove the amount of their damages with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.[12]

---

[12] **Authority:** O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions – Civil,* Vol. 3 §§ 170.60 and 171.90 (5th ed. 2001)(modified).

## ADA DAMAGES – FRONT PAY

You may determine separately a monetary amount equal to the present value of any future wages and benefits that Mr. Gunter would reasonably have earned from Bemis had he not been terminated for the period from the date of your verdict through a reasonable period of time in the future. From this figure you must subtract the amount of earnings and benefits [plaintiff] will receive from other employment during that time. Mr. Gunter has the burden of proving these damages by a preponderance of the evidence.

An estimate for front pay may be obtained by multiplying the employee's present salary by the number of years the employee expected to work. However, even though Mr. Gunter has a duty to mitigate, the Bemis carries the burden of establishing that damages were lessened or might have been lessened by the plaintiff. [13]

---

[13] **Authority:** Third Circuit Model Jury Instructions, 9.4.4 (May 2016) (modified); *Jackson v. City of Cookeville*, 31 F.3d 1354, 1361 (6th Cir. 1994).

## ADA DAMAGES — PUNITIVE DAMAGES

Mr. Gunter claims the acts of Bemis were done with malice or reckless indifference to the his federally protected rights and that as a result there should be an award of what are called "punitive" damages. A jury may award punitive damages to punish a defendant, or to deter the defendant and others like the defendant from committing such conduct in the future. [Where appropriate, the jury may award punitive damages even if the plaintiff suffered no actual injury, and so received nominal rather than compensatory damages.]

An award of punitive damages is permissible in this case only if you find by a preponderance of the evidence that a management official of Bemis personally acted with malice or reckless indifference to Mr. Gunter's federally protected rights. An action is with malice if a person knows that it violates the federal law prohibiting discrimination and does it anyway. An action is with reckless indifference if taken with knowledge that it may violate the law.[14]

---

[14] **Authority:** Third Circuit Model Jury Instructions, 9.4.2 (May 2016).

## ADA DAMAGES — NOMINAL DAMAGES

If you return a verdict for Mr. Gunter, but he has failed to prove actual injury and therefore is not entitled to compensatory damages, then you must award nominal damages of $ 1.00.

A person whose federal rights were violated is entitled to a recognition of that violation, even if he suffered no actual injury. Nominal damages (of $1.00) are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

However, if you find actual injury, you must award compensatory damages (as I instructed you), rather than nominal damages.

Respectfully submitted,

*/s Heather Moore Collins*
Heather Moore Collins BPR # 026099
Anne Hunter Williams BPR # 022407
Collins & Hunter PLLC
7000 Executive Center Dr., Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@collinshunter.com

## CERTIFICATE OF SERVICE

I HEREBY certify that a copy of the foregoing has been e-mailed through the court's CM/ECF system this 19th day of March, 2017 by electronic mail to counsel of record: Jonathan O. Harris, OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C., SunTrust Plaza, Suite 1200, 401 Commerce Street, Nashville, Tennessee 37219.

*/s/ Heather Moore Collins*
Heather Moore Collins