IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| TONY A. GUNTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 4:16-cv-0037 |
| v. | ) | |
| | ) | Judge McDonough |
| BEMIS COMPANY, INC., | ) | Magistrate Judge Steger |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S TRIAL BRIEF REGARDING
DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

Plaintiff submits this trial brief in anticipation of the jury trial set for April 10, 2017

regarding some of Defendant's proposed jury instructions.

**A. THE STANDARD IN ADA CASES IS "BECAUSE OF" NOT A "SOLELY" STANDARD**

Defendant's Proposed Instruction 10 states that Plaintiff must prove he was terminated

"solely" because of a disability. (ECF 67 p. 16). This standard was rejected by the Sixth Circuit

*en banc* in *Lewis v. Humbolt Acquisition Corp.*, 681 F.3d 312, 321 (6th Cir. 2012).

**B. IT IS INAPPROPRIATE TO USE A BURDEN SHIFTING OR "PRETEXT" INSTRUCTION FOR THE ADA DISCHARGE CLAIMS AND DEFENDANT FAILED TO ASSERT A MIXED MOTIVE AFFIRMATIVE DEFENSE, THUS, IT CANNOT ASSERT THAT DEFENSE AT THIS LATE STAGE**

Defendant's Proposed Instructions 10 (discharge on basis of disability) 19 (legitimate,

non-discriminatory reason), and 20 (pretext) have no relation to the ultimate question that the

jury should be presented, *i.e.,* whether Plaintiff's disability was the cause of his termination or

whether Defendant failed to accommodate Mr. Gunter.  (ECF 67 pp. 16, 28). "[T]rial courts

should be discouraged from parroting the legal technicalities of *McDonnell Douglas* and *Burdine*

1

in charging juries." *Brown v. Packaging Corp. of Am.* 338 F.3d 586, 587 (6th Cir. 2003). Further, the Sixth Circuit recently stated:

> Once a discrimination case has proceeded to trial, the core issue before the jury is "whether it finds by a preponderance of the evidence that the employer intentionally discriminated against the plaintiff," ***not whether the plaintiff has made a prima facie case or has shown pretext***. *Brown v. Packaging Corp. of Am., 338 F.3d 586, 597 n.3 (6th Cir. 2003)* (citing *United States Postal Serv. Bd. of Governors v. Aikens, 460 U.S. 711, 715, 103 S. Ct. 1478, 75 L. Ed. 2d 403 (1983)).*

*McDole v. City of Saginaw*, 2012 U.S. LEXIS 6238 *25-26 (6th Cir. March 26, 2012) (emphasis added). *See also Kline v. TVA*,128 F.3d 337, 345-48 (6th Cir. 1997) ("[t]he Supreme Court determined that upon rejection of the reasons offered by the defendant an inference of discrimination is permitted and no additional proof of discrimination is required. This is a clear rejection of the 'pretext plus' requirement."). *Sanders v. N.Y. City Human Res. Admin.,* 361 F.3d 749, 758 (2nd Cir. 2004)(plaintiff "correctly points out that the *McDonnell Douglas* burden-shifting scheme should not have been charged to the jury. … [The] burden-shifting scheme is a blueprint to guide a district court in the conduct of a trial. …Explaining it to the jury in the charge, we believe, is more likely to confuse rather than enlighten the members of the jury. … Making the burden-shifting scheme of *McDonnell Douglas* part of a jury charge undoubtedly constitutes error because of the manifest risk of confusion it creates."); *Kanida v. Gulf Coast Med. Pers. LP,* 363 F.3d 568, 576 (5th Cir. 2004) ("This Court has consistently held that district courts should not frame jury instructions based upon the intricacies of the *McDonnell Douglas* burden shifting analysis. . . . Instead, we have held that district courts should instruct the jury to consider the ultimate question of whether a defendant took the adverse employment action against a plaintiff because of her protected status."); *Mattenson v. Baxter Healthcare Corp.*, 438 F.3d 763, 767 (7th Cir. 2006) (Posner, J.) ("There were other errors as well, which should be

corrected on remand. The judge on his own initiative gave a *McDonnell-Douglas* instruction despite tireless repetition by appellate courts that the burden shifting formula of that case is not intended for the guidance of jurors; it is intended for the guidance of the judge when asked to resolve a case on summary judgment."); *Sanghvi v. City of Claremont,* 328 F.3d 532, 540-41 (9th Cir. 2003) ("we conclude that it is error to charge the jury with the elements of the *McDonnell Douglas* prima facie case. The technical elements of the presumptions and shifting burdens have significant potential to confuse juries. Moreover, at [the jury] stage, the framework unnecessarily evades the ultimate question of discrimination *vel non*. . .Instead of burdening the jury with the details of a framework designed to allocate burdens and promote the orderly presentation of evidence, district courts should focus the fact finders on the one essential question: whether the plaintiff is a victim of intentional discrimination."); *Abuan v. Level 3 Commc'ns, Inc.,* 353 F.3d 1158, 1169 (10th Cir. 2003) ("The jury, of course, does not apply the *McDonnell Douglas* framework in arriving at its verdict. Rather, the issue before the jury is 'discrimination *vel non*.'"); *Dudley v. Wal-Mart Stores, Inc.,* 166 F.3d 1317, 1322 (11th Cir. 1999) ("We stress that it is unnecessary and inappropriate to instruct the jury on the McDonnell Douglas analysis.").

Defendant's tinkering of these instructions is confusing, thus, it would follow that there is a very real possibility that a jury would be misled by Defendant's proposed instruction.

### C. THE DEFINITION OF DISABLITY WAS EXPANDED UNDER THE ADA AMENDMENTS ACT OF 2009, DEFENDANT'S INSTRUCTION 12, 13 DO NOT REFLECT THE AMENDMENTS

Defendant's Instructions 12 and 13 are confusing and cite pre-ADA Amendments Act standards. (ECF 67 pp. 19-21). To the extent Defendant is now contending that Plaintiff was not disabled under the ADA, any instruction on the definition of disabled should properly reflect the broad coverage of the ADAAA and not the confusing standards Defendant filed.

3

Under the ADA "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). The term "disability" means, (A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment. 42 U.S.C. § 12102(1)(A)-(C). An individual may establish a disability under any one or more of these prongs. 29 CFR 1630.2(g)(2). The definition of disability "shall be construed in favor of broad coverage of individuals under this chapter, to the maximum extent permitted by the terms of this chapter." 42 U.S.C. § 12102(4)(A). Additionally, in amending the ADA, Congress stated: "If an individual establishes that he or she was subjected to an action prohibited by the ADA because of actual or perceived impairment -- whether the person actually has the impairment or whether the impairment constitutes a disability -- then the individual will qualify for protection under the Act." 154 Cong. Rec. at S8842. *See also* 29 C.F.R. §1630.2(j)(1)(iii) (the primary object in cases brought under the ADA should be whether employers have complied with their obligations and whether discrimination occurred, not whether an impairment limits a major life activity which should not demand extensive analysis).

A physical impairment is "any physiological disorder, or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the following body systems: neurological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, reproductive, digestive, genito-urinary, hemic and lymphatic, skin, and endocrine." 29 C.F.R. §1630.2(h)(1)(2011). The term substantially limits means "(i) Unable to perform a major life activity that the average person in the general population can perform; or (ii)

4

Significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity." 29 C.F.R. §1630.2(j)(1)(i)-(ii). Major Life Activities mean "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. §1630.2(i).

To prove a "regarded as" claim under the ADA, as amended, plaintiff must show he was "subjected to an action prohibited under [the ADA] because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." 42 U.S.C. § 12102(3)(A) (2009). An impairment that is minor or transitory, having an actual or expected duration of six months or less, does not satisfy the "regarded as" prong. 42 U.S.C. § 12102(3)(B).

Plaintiff proposes filing a supplemental instruction on the definition of disability in the event Defendant continues to dispute this element.

## D. MITIGATION OF DAMAGES IS AN AFFIRMATIVE DEFENSE AND DEFENDANT'S BURDEN

Defendant's Instruction 25, mitigation of damages, is inconsistent with the law. (ECF 67 p. 33). Mitigation is an affirmative defense and the jury should be instructed that it is Defendant's burden to show Plaintiff failed to mitigate, not Plaintiff's burden. *Rasimas v. Michigan Dept. of Mental Health,* 714 F.2d 614 (6th Cir. 1983). Further, in this case, as reflected in Plaintiff's proposed instruction, there are additional issues that will be raised concerning Plaintiff's capacity to find a job, thus, Plaintiff's proposed instruction is more appropriate in this case.

## E. DEFENDANT'S INSTRUCTION 29 IS MISLEADING

Defendant's Instruction 29 appears to conflate good faith efforts at reasonable accommodation, *i.e*., the interactive process, with the defense to punitive damages the Supreme Court recognized in *Kolstad v. Am. Dental Assn*., 527 U.S. 526, 119 S.Ct 2118 (1999). In *Kolstad*, the Court recognized that liability for punitive damages may imputed to the principal if the agent of the principal:

> "a) he authorized the unlawful act; b) the agent was unfit and the principle was reckless in employing him; c) the agent was acting in a managerial capacity and within the scope of his employment; *or* d)the principle or a managerial agent authorized the wrongful acts.

*Id*. 542-543. In doing so, the court concluded that "the employer's conduct need not be independently 'egregious' to satisfy § 1981a's requirements for a punitive damages award." *Id*. 546. Accordingly, any instruction regarding Defendant's defense that it made good faith efforts to comply with the ADA should not be limited to the identifying a reasonable accommodation, but rather should reflect the standard identified in *Kolstad*.

## F. DEFENDANT'S FRONT PAY INSTRUCTION DOES NOT REFLECT SIXTH CIRCUIT LAW APPLICABLE TO THIS CASE

Defendant's proposed front pay instruction does not reflect the circumstances of this case and is therefore misleading. Defendant's proposed instruction while legally correct contemplates a calculation done by an economist. In this case, the evidence will be based on testimony and reflect the "Alaska Rule" as set forth in Plaintiff's instruction. Thus, Plaintiff's instruction is better suited to the evidence in this case.

Respectfully submitted,


*/s Heather Moore Collins*
Heather Moore Collins BPR # 026099
Anne Hunter Williams BPR # 022407
Collins & Hunter PLLC
7000 Executive Center Dr., Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@collinshunter.com

## CERTIFICATE OF SERVICE

I HEREBY certify that a copy of the foregoing has been e-mailed through the court's CM/ECF system this 26th day of March, 2017 by electronic mail to counsel of record: Jonathan O. Harris, OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C., SunTrust Plaza, Suite 1200, 401 Commerce Street, Nashville, Tennessee 37219.


*/s/ Heather Moore Collins*
Heather Moore Collins